IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GLORIA WATTS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO. CV01-HGD-2241-S |
| | ) | |
| BELLSOUTH TELECOMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant | ) | |

**ENTERED**

**MAY 2 3 2002**

## MEMORANDUM OPINION

Defendant, BellSouth Telecommunications, Inc. (BellSouth), has filed a Motion to

Dismiss or, in the Alternative, for Summary Judgment [Doc. #5].  Because matters outside the

pleadings are being considered by the court, the motion is treated as a motion for summary

judgment.  *See* Rule 12(b), Fed.R.Civ.P.

Plaintiff, Gloria Watts, filed her complaint in this action on September 5, 2001.  She

alleged a cause of action pursuant to the Employee Retirement and Income Security Act of 1974

(ERISA), asserting she is entitled to short term and long term disability benefits; however,

defendant's claims adjuster arbitrarily and capriciously denied her those benefits.  Defendant

filed its motion for summary judgment on November 2, 2001, asserting that the complaint was

due to be dismissed because plaintiff had failed to exhaust administrative remedies prior to filing

suit.  Plaintiff filed an amendment to her complaint on November 19, 2001, alleging that she

had exhausted administrative remedies or to do so would be futile.  Defendant subsequently

filed an answer to the complaint and amended complaint, asserting the affirmative defense of failure to exhaust administrative remedies.  The entry of an order setting a schedule for submission of arguments and evidence on the motion for summary judgment was postponed to allow the parties to conduct some discovery.

In its motion for summary judgment, BellSouth argues (1) that this action is due to be dismissed because plaintiff did not plead exhaustion of administrative remedies in her complaint; and (2) this action is due to be dismissed because plaintiff did not exhaust administrative remedies before filing this action and cannot now timely pursue such administrative remedies.  Plaintiff cured any pleading defect by filing the amendment to the complaint; therefore, the action is not due to be dismissed on that ground.  The sole remaining ground for consideration is whether any failure by plaintiff to exhaust administrative remedies requires dismissal of this action with prejudice.

The following facts are established by the record.  Plaintiff, as an employee of BellSouth, was covered by the BellSouth Short Term Disability Plan (the Plan).  The Plan is an ERISA plan, and Kemper National Services, Inc. (Kemper) is the claims administrator for the Plan.  The Plan provides a Claim and Appeal Process:

> (a)    Any Participant whose request for Benefits has not been approved or has been suspended in whole or in part and who wants to have his request for benefits reviewed must submit a written claim for the Benefits within 60 days from the receipt of formal notice of unapproved or suspended benefits.  In such case, the Committee or its delegate shall:
>
> > (i)    make a full and fair review of the decision within 90 days after receipt of the written claim, or within an additional 90 days provided the claimant is notified of the delay and the reason for requiring such additional time; and

> (ii)     notify the claimant in writing of the review decision, specifying the reason(s) for the decision.
>
> (b)     Any participant whose claim for Benefits has been denied in whole or in part and who wants this denial to be reviewed must submit a written appeal of the claim denial within 60 days after receipt of the notice of denial.  In such case, the Committee or its delegate shall:
>
> > (i)     make a full and fair review of the decision within 60 days after receipt of the written appeal, or within an additional 60 days provided the claimant is notified of the delay and the reason for requiring such additional time; and
> > (ii)    notify the claimant in writing of the review decisions [sic], specifying the reason(s) for the decision.
>
> (c)     A pending claim or appeal by an employee who is moving from one Participating Company to another Participating Company will be resolved by the sending Participating Company.
>
> (d)     Any participant whose appeal for benefits has been denied shall have such further rights as are provided by ERISA and regulations promulgated thereunder.
>
> (e)     If the Committee does not respond to a Participant's claim or appeal under paragraph (a) or (b) in writing within the periods provided (as may be extended by written notice), the claim or appeal, as applicable, shall be deemed to be denied.

Doc. #5, Exh. A to Affidavit of Marisol Suro Vega, ¶ 6.4.

The BellSouth Short Term Disability Plan Summary Plan Description contains sections entitled "Benefit Claim and Appeal Procedures" and "Your Rights Under ERISA." The "Benefit Claim and Appeal Procedures" section sets out "[t]he procedure that must be followed in order to pursue your claim and appeal rights."  Under the subheading "Appeal Procedure," it states:

> A claimant may use this procedure if:
>
> • No reply at all is received from the Committee or its delegate [to a claim for short term disability benefits] by the claimant after 90 days;

3

• The Committee or its delegate has extended the time to make its decision, and no reply is received within that extended time period; or
• Written denial of the claim is received within the proper time limit, and the claimant wishes to appeal the denial.

If the claim for benefits is denied, or deemed denied, in whole or in part, and the claimant or a person duly authorized by the claimant wishes to appeal this denial, such appeal must be submitted in writing within 60 days after receipt of the denial, or the date upon which a claim is deemed to have been denied.

Doc. #5, Exh. B to Affidavit of Marisol Suro Vega, pp. 8-9.  In the section entitled "Your Rights

Under ERISA," the Summary Plan Description states, "If you have a claim for benefits which is

denied or ignored, in whole or in part, you may file suit in a state or federal court." *Id.* at p. 10.

Plaintiff applied for short term disability benefits under the Plan and received them for

a period of time.  However, it was subsequently decided that plaintiff no longer qualified for

short term benefits, and they were discontinued effective December 15, 2000.  On January 16,

2001, plaintiff was notified that her request for continuing benefits had been denied.  She also

was informed that she must appeal the denial within 60 days of her receipt of the letter, in

accordance with the terms of the Plan.  *See* Doc. #5, Exh. A to Affidavit of Marisol Suro Vega,

¶ 6.4; Exh. B to Affidavit of Marisol Suro Vega, pp.8-9; Exh. C to Affidavit of Marisol Suro Vega.

On March 9, 2001, plaintiff timely appealed the denial of benefits.  *See id.*, Exh. D.  On

May 9, 2001, a letter was sent to plaintiff by Kemper informing her that her appeal had been

denied.  She was advised that she must file a written request for review of her claim within 60

days of her receipt of the May 9 letter.  *See id.*, Exh. E.  On July 24, 2001, plaintiff sent a letter

appealing the decision.  This was 16 days after the 60-day appeal time had expired.  *See id.*,

4

Exh. F.  By letter dated August 1, 2001, Kemper informed plaintiff that her Second Level Appeal was rejected as untimely.  *See id.*, Exh. G.

Plaintiff has submitted her affidavit in which she refers to pages 9 and 10 of the Summary Plan Description.  Specifically, she relies on the statement on page 9, which says a claimant may use the appeal procedure, and the statement on page 10, which says if a claim for benefits is denied, a claimant may file suit in state or federal court.  Plaintiff argues that these statements do not require a claimant to use the appeal procedure set out in order to file suit but led her to believe that she could "do either, both, or neither."  She contends any further pursuit of the appeals process provided in the Plan would have been futile because Kemper repeatedly denied her claim based on her failure to submit objective evidence of her mental illness, but mental illness does not show up on a CAT scan or x-ray.  She also avers she was advised by her union that it would be useless to appeal, and she did not file a further appeal with Kemper because she felt it would do no good.  After consulting with an attorney, plaintiff did send in a Second Level Appeal on July 24, 2001.

Plaintiff argues that any further appeal would have been futile given the standard used by Kemper for evaluating claims under the Plan.  Because plaintiff and her treating physicians already had provided all possible medical documentation prior to the Second Level appeal, there was no other information plaintiff could have supplied with respect to her claim, and another denial was a foregone conclusion, according to plaintiff.  Additionally, plaintiff argues that defendant and Kemper suffered no prejudice by the slight delay in plaintiff's second level appeal.  It easily could have exercised its discretion to consider her appeal and had not yet

5

closed her file.   Plaintiff also contends that the language of the Summary Plan Description, regarding whether a full round of appeals must be pursued prior to filing suit in state or federal court, is ambiguous and must be construed against defendant.

## Discussion

The Eleventh Circuit Court of Appeals has consistently held that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. American General Life & Accident Ins. Co.*, 111 F.3d 105, 109 (11th Cir. 1997) (citing *Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1225-27 (11th Cir. 1985)).   This exhaustion requirement "applies both to actions to enforce a statutory right under ERISA and to actions brought to recover benefits under a plan." *Counts*, 111 F.3d at 109 (citing *Springer*, 908 F.2d at 899; *Mason*, 763 F.2d at 1225-27.)   The policy concerns served by the exhaustion requirement include "helping to reduce the number of frivolous lawsuits under ERISA; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Curry v. Contract Fab. Inc. Profit Sharing Plan,* 891 F.2d 842 (11th Cir. 1990) (citing *Amato v. Bernard,* 618 F.2d 559, 567-68 (9th Cir. 1980)).

Despite this exhaustion requirement, however, district courts are given the discretion to excuse the requirement "when resort to administrative remedies would be futile or the remedy inadequate." *Counts*, 111 F.3d at 108 (citing *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990)).   Here, Ms. Watts argues that further pursuit of her

6

administrative remedies would have been futile because she had no additional information to submit at the second level review. To substantiate her claim, she must make the "'clear and positive' showing of futility . . . required" before the court may suspend the exhaustion requirement. *Springer*, 908 F.2d at 901 (quoting *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)); *see also McGraw v. Prudential Insurance Company of America*, 137 F.3d 1253 (10th Cir. 1998) (noting that futility exception is limited to those instances where resort to administrative remedies would be "clearly useless"). Plaintiff has not made a "clear and positive" showing of futility. She has submitted insufficient evidence that further pursuit of the review procedure would have been futile. The record is clear that plaintiff's own delinquency in pursuing all internal appeals prevented the possibility of a complete administrative look at the merits, and the record contains nothing to suggest that the administrators would have reached a preconceived result in reviewing her claim. See *Springer*, 908 F.2d at 901 (noting that a claimant's disagreement with the basis of a decision does not excuse failure to exhaust). Although necessarily a case-specific inquiry, futility may be established by showing the prevention of an administrative look at the merits, *Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1486 (9th Cir. 1995), the denial of meaningful access to administrative review procedures, *Curry*, 891 F.2d at 846-47, or other arbitrary, capricious or aggravating circumstances. The record does not disclose any such factors.

Prejudice or lack thereof to the defendant company or the Plan administrator is not a factor in determining whether to excuse failure to exhaust administrative remedies. Therefore, this assertion does not assist plaintiff. It is true that ambiguities in an ERISA contract or plan are

construed against the drafter. *Lee v. Blue Cross/Blue Shield of Alabama*, 10 F.3d 1547, 1550

(11th Cir. 1994); *HCA Health Services of Georgia, Inc. v. Employers Health Insurance Co.*, 240

F.3d 982, 994 n.24 (11th Cir. 2001).  However, the court does not find the language of the Plan

or Plan Summary Description to be so ambiguous as to suggest that the administrative appeals

did not have to be pursued at all before filing suit in court.  The letter from Kemper denying

plaintiff's first level appeal advised, "If you disagree with this determination you may file a

written request for a review of your claim.  Your request must be made within 60 days of your

receipt of this letter."  Plaintiff apparently intended to do so until she consulted with a union

representative, who told her it would do no good.  She relied on this statement to her detriment

because she ultimately failed to make a timely appeal.  The union representative gave his

opinion regarding the efficacy of pursuing any further appeal, but he failed to warn plaintiff of

the possible consequences of not pursuing any further appeal.  It is unfortunate that plaintiff

relied on this advice from a non-lawyer who did not give plaintiff "the rest of the story."  It is

apparent that once plaintiff consulted an attorney, she realized the necessity of seeking a second

level appeal and tried to do so.

While it is difficult to have to dismiss a case on procedural grounds before the merits can

be considered, Eleventh Circuit law, as applied to the facts of this case, allows no other

conclusion.  There is a reason for statutes of limitation and other procedural prerequisites and

limitations to filing suit.  To make an exception based on mistake or bad advice from a non-

lawyer does not serve the reasons behind such procedural requirements.  If plaintiff's non-

exhaustion is excused because she was only 16 days late, what happens when the delay is 20

days or 30 days or 60 days?  At what point should the court decide that the delay is too much?  When a plaintiff claims futility based only on his or her insistence that because prior appeals were unsuccessful, it must follow that the final appeal would yield the same result, the Eleventh Circuit has rejected such reasoning.[1]  An analogy is the exhaustion requirement in habeas corpus cases.  Before a federal habeas corpus petition can be filed and considered on its merits, a petitioner must have appealed his conviction to the highest possible state court.  *See O'Sulliavn v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).  Likewise, before an ERISA claimant can file suit for benefits and have the claim considered on the merits, the claimant must have presented his or her claim to the highest possible reviewing authority.

Based on the foregoing, the court finds that defendant's motion for summary judgment is due to be granted.  A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this ___23ʳᵈ___ day of May, 2002.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has argued that the review standard used by defendant and Kemper is unworkable and has been rejected by the courts, as a reason for finding futility.  However, whether defendant improperly denied plaintiff's application for benefits based on the standard of review goes to the merits of plaintiff's claim, not to the issue of futility or other excuse for the failure to exhaust administrative remedies.