FILED

2006 Sep-20  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GLORIA WATTS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:01-CV-2241-VEH** |
| | } | |
| **BELLSOUTH** | } | |
| **TELECOMMUNICATIONS,** | } | |
| **INC.,** | } | |
| | } | |
| **Defendant.** | | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Pending before the court is a Petition for Attorney Fees (Doc. #80) filed by Plaintiff Gloria Watts on August 31, 2006. Defendant BellSouth Telecommunications, Inc. ("BellSouth") filed its Response in Opposition to Plaintiff's Petition for Attorney Fees (Doc. #82) on September 8, 2006. Plaintiff's request is properly under submission and is now ripe for a decision.

As discussed more fully below, Plaintiff's Petition for Attorney Fees is due to be denied because she is not a prevailing party under Eleventh Circuit law. Alternatively, after balancing the factors relevant to attorney fee requests by a prevailing party, Plaintiff's Petition is due to be denied.

## II.    PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit on September 5, 2001.  (Doc. #1).  On May 23, 2002, the court granted summary judgment in favor of BellSouth on procedural grounds relating to the failure of Plaintiff to exhaust her administrative remedies. (Doc. #30; Doc. #31).  Plaintiff appealed this decision to the Eleventh Circuit on June 7, 2002.  (Doc. #32).

On March 14, 2003, the Eleventh Circuit issued, as a mandate, an order reversing and remanding the decision of this court in favor of BellSouth.  (Doc. #37 filed on March 17, 2003, and entered on March 18, 2003).  Subsequent to the remand of this case, the Eleventh Circuit issued an order that was entered in this court on April 11, 2003, which denied Appellant's (*i.e.*, Plaintiff's) petition for fees without prejudice to a renewal of the request in the district court upon the conclusion of case. (Doc. #40).

The undersigned inherited this case by way of reassignment on June 24, 2004. (Doc. #63).  On August 28, 2006, the court entered a decision granting summary judgment in favor of BellSouth on the merits and dismissing the case with prejudice based upon the record developed after the remand.  (Doc. #78; Doc. #79).  As generally noted above, Plaintiff's fee petition in the amount of $10,470.69 followed on August 31, 2006.  (Doc. #80 at 1).

2

## III.   ANALYSIS

As recognized in *Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir. 1986):

> Section 502(g) of ERISA, 29 U.S.C. § 1132(g), governs the awarding of attorney's fees. It provides in pertinent part that: "[i]n any action under this subchapter . . . by a participant, beneficiary or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

*Id.* at 961.

Plaintiff's position in her Petition for Attorney Fees is that because she was successful in her appeal to the Eleventh Circuit on procedural grounds, she is a "prevailing party" for the purpose of awarding fees relating to the time and expenses spent on the prosecution of the appeal.  For a host of reasons, this court disagrees that an award of fees to Plaintiff is appropriate.

First, the Eleventh Circuit's order entered on attorney's fees does not expressly or implicitly indicate that it considered Plaintiff to be a prevailing party on appeal and that, accordingly, fees connected to litigating the appeal should be awarded by the district court upon the conclusion of the case, regardless of the ultimate merits-based outcome.  Instead, the order simply indicates that the denial of Plaintiff's request for fees on appeal is "without prejudice to renewal in the district court at the conclusion of the case."  (Doc. #40).

3

Second, in the very similar case of *Sims v. Apfel*, 238 F.3d 597, 601-02 (5th Cir. 2001), the Fifth Circuit held that a plaintiff was not a prevailing party when she obtained a reversal and remand from the United States Supreme Court on jurisdictional grounds, but did not obtain any relief on the merits of her claim. In so ruling, the Fifth Circuit persuasively pointed out that "[t]he Supreme Court's decision in this action is only a procedural victory on which Appellant cannot 'prevail' for purposes of shifting his counsel fees to the opposing party."). *Id.* (citations omitted); *see also Squires-Allman v. Callahan*, 117 F.3d 918, 919 n.2 (5th Cir. 1997) ("One does not become a prevailing party merely because the Secretary's request for a remand is granted under sentence six. Instead, the party must actually succeed in receiving some substantial benefit that was sought in the original appeal because of the remand.").

Third, as the Supreme Court has explained in determining the appropriateness of a fee award under 42 U.S.C. § 1988, "'[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can said to prevail.'" *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792 (1989) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). Contrary to this principle, Plaintiff has not received any relief on the merits of her ERISA claim. Instead, Defendant is the party which received a favorable merits-based ruling,

4

thereby making it, at least potentially, the prevailing party as opposed to Plaintiff. (*See* Doc. #82 at 5).

Fourth, a finding that Plaintiff is a prevailing party would require the court, pursuant to *Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir. 1986),to familiarize itself with the merits of the arguments made at the Eleventh Circuit in order to assess the five factors relevant to an award of fees in this Circuit.   As explained in *Nachwalter*:

> These factors, which should guide but not control the district court's decision, are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers*, 624 F.2d at 1266; *see McKnight*, 758 F.2d 1571-72; *Fine v. Semet*, 699 F.2d 1091, 1095 (11th Cir. 1983).

*Id.* 805 F.2d at 961-62 (footnote omitted).

After enumerating this list, the *Nachwalter* court then determined that appellate courts should use this same set of guideposts when determining whether fees should be awarded in connection with an appeal:

> We hold that these five factors also should guide *appellate courts'* determinations of whether to award fees on appeal. *See Russell*, 726 F.2d 1417. In applying these criteria, however, courts should bear in mind ERISA's essential remedial purpose:  to protect the beneficiaries

of private pension plans.  *See Dennard v. Richards Group, Inc.*, 681 F.2d 306, 319 (5th Cir. 1982).  Adherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose.  *Id.*

*Nachwalter*, 805 F.2d at 962 (citations omitted) (emphasis added).  Therefore, *Nachwalter* draws a line between the appropriate judicial body to address fee awards: on appeal versus at the district court level.  *See also id.*, 805 F.2d at  972 n.9 ("Our decision not to allow fees on appeal does not affect appellees' award of fees at the trial level.").  Therefore, this court, based upon the scope of *Nachwalter*, or alternatively, in its discretion, is not persuaded that the Eleventh Circuit intended for it to conduct a review of the merits on appeal in this case to determine the appropriateness of carving out an appellate attorney fee award.

Fifth and finally, even if the Eleventh Circuit did intend for this court to engage in a *Nachwalter* assessment of the appellate decision,[1] the court discretionarily determines that the Eleventh Circuit's administrative exhaustion ruling which, in a

---

[1]*Fulmer v. Connors*, 665 F. Supp. 1472, 1492 (N.D. Ala. 1987), cited by Plaintiff, does not alter the court's analysis of prevailing party status or *Nachwalter*, as that case addresses the appropriateness of a district court's award of fees to a pension plan beneficiary stemming from trial level proceedings only.

6

case of first impression,[2, 3] addressed an ambiguity exception to this long-standing ERISA remedial requirement and the lack of any evidence of bad faith or fault on the part of Defendant,[4] counter against awarding any attorney's fees to Plaintiff relating to the appellate process.

## IV.   CONCLUSION

As analyzed above, the court concludes, in its discretion, that Plaintiff is not a prevailing party under Eleventh Circuit law, and therefore she is not entitled to recover attorney's fees related to her successful appeal to the Eleventh Circuit on

---

[2]*See* Doc. #37 at 2-3 ("We have never decided the issue presented in this case, however, which is whether that bar should apply when the claimant's failure to exhaust her administrative remedies is the result of language in the summary plan description that she reasonably interpreted as meaning that she could go straight to court with her claim.").

[3]*See, e.g., Nachwalter*, 805 F.2d at 959:

> The main issue on appeal is whether written employee benefit plans governed by ERISA may be modified by oral agreements. This issue is one of first impression in this circuit; to our knowledge, no other federal circuit court has ruled on this question.

*Id.* (footnote omitted).

[4]The court appreciates Plaintiff's point that "bad faith" and "fault" may be considered separately as a basis for awarding fees. *See McPherson v. Employee's Pension Plan of American Reinsurance Co.*, 33 F.3d 253, 256-57 (3d Cir. 1994) (drawing distinction between bad faith and culpability (*i.e.*, fault)). Even so, Defendant's conduct in this case was neither.

7

procedural grounds.  Alternatively, the court determines that, even if Plaintiff were a prevailing party, the balancing of the *Nachwalter* factors favors against issuing any such award.  Accordingly, Plaintiff's Petition for Attorney Fees is due to be denied. The court will enter an order consistent with this Memorandum Opinion.

   **DONE** and **ORDERED** this 20th day of September, 2006.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge